**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL BERGER, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALVARION LTD., ZVI SLONIMSKY, DAFNA GRUBER and MEIR BAREL <br><br> Defendants. | No.: 07 CV 1007 (SHS) <br><br> ECF Case |

---

**ALVARION, LTD.'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF CALIFORNIA**

---

Nina F. Locker, Esq.
Rodney G. Strickland, Esq.
Ethan D. Roberts, Esq.
Merav Avital-Magen, Esq.
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 493-9300

Tonia O. Klausner, Esq. (TOK-8279)
Wilson Sonsini Goodrich & Rosati, PC
1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022
Tel:   212-999-5800
Fax:   212-999-5899

*Attorneys for Defendant Alvarion, Ltd.*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 3

      A.    The Company and the Individual Defendants. ...................................... 3

      B.    The Two Earlier-Filed California Actions............................................ 4

      C.    Plaintiff's Complaint in this District....................................... 5

ARGUMENT ........................................................................................................................ 6

I.    THE COURT SHOULD TRANSFER THIS ACTION TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER THE WELL ESTABLISHED "FIRST TO FILE" RULE.................................................................................................. 6

      A.    This Case Involves the Same Parties and Arises Out of the Same Set of Facts as the Earlier-Filed California Actions ............................. 7

      B.    The Two California Actions Were Filed Before This Action. ............... 9

      C.    Plaintiff Cannot Meet His Burden to Show That Equitable Considerations Strongly Favors The New York Forum Or That Special Circumstances Warrant Deviating From The "First To File" Rule......................................................................................... 9

            1.    Equitable Considerations Do Not Strongly Favor the New York Forum ........................................................................ 10

            2.    There Are No Special Circumstances that Would Support Deviating From the "First to File" Rule ................................... 12

II.   CONSIDERATIONS OF JUDICIAL ECONOMY SUPPORT TRANSFERRING THIS CASE TO JUDGE WHITE OF THE NORTHERN DISTRICT OF CALIFORNIA ............................................... 13

CONCLUSION................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 (S.D.N.Y. 1994) ............................................................................................................. 10

*Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629 (MBM), 2000 WL 1716340 (S.D.N.Y. Nov. 16, 2000) ................................................................... 12

*Barnet v. Elan*, 236 F.R.D. 158 (S.D.N.Y. 2005) ................................................. 7, 12, 13

*Berisford Capital Corp. v. Central States, Southeast & Southwest Areas Pension Fund*, 677 F. Supp. 220 (S.D.N.Y. 1988) ........................................ 9, 11

*Berman v. Informix Corp.*, 30 F. Supp. 2d 653 (S.D.N.Y. 1998) ................................ 13

*Continental Grain Co. v. FBL-585*, 364 U.S. 19 (1960) ........................................ 6, 13

*Ferens v. John Deere Co.*, 494 U.S. 516 (1990) ............................................................ 6

*First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989) ............................................................................................................... 6, 10

*GMT Corp. v. Quiksilver*, No. 02 Civ. 2229 (GBD), 2002 WL 1788016 (S.D.N.Y. Aug. 1, 2002) ........................................................................... 2, 9, 10

*GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421 (S.D.N.Y. 1998) ....................... *passim*

*In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397 (S.D.N.Y. 1998) ...................... 12

*In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003) ................................................................ 12

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*, 2006 WL 1524590 (S.D.N.Y. Jun. 5, 2006) .......................................................... 11, 12

*Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) ............................................................ 11

*MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310 (SWK), 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002) ................................................... 11

*Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161 (S.D.N.Y. 1992) ................................................................................................. 8

*Seinfeld v. Bartz*, No. 00 Civ. 5195 (DC), 2001 WL 611295 (S.D.N.Y. June 5, 2001) ................................................................................................... 11

### STATUTES AND RULES

15 U.S.C. § 78u-4(a)(3)(i) ......................................................................................... 4, 5

28 U.S.C. § 1404(a) .................................................................................................... 1

Fed. R. Civ. P. 6(a) ..................................................................................................... 5

## **INTRODUCTION**

This securities class action lawsuit is substantially identical to two earlier-filed securities class action lawsuits that are currently pending before the Honorable Jeffrey S. White in the United States District Court for the Northern District of California (the "California actions"). Pursuant to the well-established "first-to-file" rule and 28 U.S.C. § 1404(a), this action should be transferred to the Northern District of California so that it can be consolidated with those preexisting California actions.

Plaintiff Paul Berger cannot dispute that the California actions were filed first or that his action is identical to them. The California actions were filed on January 19 and February 2, 2007. This action was filed on February 13, 2007, nearly one month after the first California action. The California plaintiffs allege that defendants misrepresented Alvarion's business prospects during the class period of November 3, 2004 through May 12, 2006, and by doing so allegedly violated Sections 10b and 20(a) of the Securities Exchange Act of 1934. Mr. Berger makes the same claims, against the same defendants, for the same class period.

In fact, Mr. Berger has acknowledged that there are no material differences between his later-filed lawsuit and the earlier-filed California actions. Pursuant to the Securities Litigation Reform Act of 1995 (the "Reform Act"), securities class action plaintiffs must issue a press release notifying other potential class members of the existence of their lawsuit and the 60 day period in which the class members may apply for court appointment as lead plaintiff. The California plaintiffs issued a press release on February 6, 2007, and therefore by statute the lead plaintiff motions are due in the Northern District of California on April 9, 2007. Mr. Berger issued a press release on February 13, 2007. In his press release, Mr. Berger informed potential class members that lead plaintiff motions are due on April 9 – that is, *60 days from the press release*

*in the California actions*.[1]  By doing so, Mr. Berger has effectively conceded that his lawsuit is duplicative of the California actions (and that he was aware of those actions at the time he filed his nearly identical action in New York).

When faced with duplicative lawsuits such as this one, courts routinely transfer the later-filed action to the venue of the first-filed action.  Indeed, in this Circuit "the party asserting exceptions to the first-filed rule bears the burden to show that equitable considerations recommend the later action, and must overcome the 'strong presumption in favor of the forum of the first-filed suit.'"  *GMT Corp. v. Quiksilver*, No. 02 Civ. 2229 (GBD), 2002 WL 1788016 at *3 (S.D.N.Y. Aug. 1, 2002) (quoting *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998)).  Mr. Berger cannot possibly overcome this "strong presumption."  Rather than supporting jurisdiction in New York, the relevant "equitable considerations" reflect that this District has *no connection* to the parties or the subject matter of the lawsuit.  Alvarion does not have an office or employees in New York.  None of the individual defendants resides or works in New York.  The allegedly false and misleading statements pleaded in the Complaint were not prepared in or disseminated from New York.  In contrast, Alvarion's U.S. headquarters and its principal sales and marketing office for North America are located within the Northern District of California.

This action, therefore, should be transferred to the Northern District of California under the first-to-file rule and in the interests of judicial economy.  It should be transferred at this time because, by statute, a lead plaintiff and lead counsel for the proposed class must be appointed by the Court at the outset of the litigation.  It would be a waste of judicial resources for two courts to consider the same lead plaintiff and lead counsel motions.  Such a process could also lead to inconsistent results, such as

---

[1] *See* Declaration of Ethan D. Roberts in Support of Alvarion, Ltd.'s Motion to Transfer Venue to the Northern District of California ("Roberts Decl."), Exh. A.

two different plaintiffs and two different law firms appointed to represent the same class in connection with the same allegations against the same defendants. This Court should eliminate this possibility by granting this motion to transfer.

## STATEMENT OF FACTS

### A.     The Company and the Individual Defendants

Alvarion, Ltd. ("Alvarion" or "the Company") is an Israeli corporation. Its corporate headquarters is located in Tel Aviv, Israel.[2] Alvarion develops and sells a variety of Broadband wireless access products throughout the world. Daily Decl., ¶ 3. These products, which enable last mile access for mainly broadband services, are primarily sold to operators and service providers in the rural and suburban areas of developed countries, and the more developed areas of developing countries. *Id*.

Alvarion conducts business in the United States primarily through its U.S. subsidiary, Alvarion, Inc., which is located in Mountain View, California. *Id.* ¶ 4. The Mountain View office is Alvarion's principal sales and marketing office in North America. *Id.* ¶ 5. Alvarion, Inc. is registered with California's Department of Corporations and its agent for service of process is in California. *Id.* ¶ 6. The majority of Alvarion, Inc.'s 52 employees are based in Mountain View, California. *Id.* ¶ 7. In addition, five employees of Alvarion currently are based at the Mountain View office. *Id.* Mountain View is within the Northern District of California. Roberts Decl., ¶ 7.

Neither Alvarion nor Alvarion, Inc. has any offices, employees or documents in New York. Daily Decl., ¶ 8. None of the statements challenged in the complaint was prepared in or disseminated from New York. *Id.* ¶ 9. Rather, they were prepared in Israel and California and disseminated from Israel. *Id.*

---

[2] *See* Declaration of Greg Daily in Support of Alvarion, Ltd.'s Motion to Transfer Venue to the Northern District of California ("Daily Decl.") ¶ 2.

The three individual defendants are all current or former officers or directors of Alvarion. *Id.* ¶ 10. None of these individuals work or reside within the United States. *Id.*

### B. The Two Earlier-Filed California Actions

Two nearly identical class action lawsuits were filed against Alvarion in the Northern District of California long before Mr. Berger filed this action. The first California class action lawsuit – *Meir v. Alvarion*, C 07 0374 (JSW) – was filed on January 19, 2007. Roberts Decl., ¶ 3, Exh. B. The second California action – *Hacker v. Alvarion*, C 07 0719 (JSW) – was filed on February 2, 2007. *Id.* ¶ 4, Exh. C. Both complaints name as defendants Alvarion; Zvi Slonimsky, the Company's former Chief Executive Officer; Dafna Gruber, its Chief Financial Officer; and Meir Barel, a member of its Board of Directors. Both complaints allege that these defendants began to make false and misleading statements regarding Alvarion's business prospects on November 3, 2004. Both complaints focus on Alvarion's statements regarding a large Latin American customer, Telmex, and allege that the defendants fraudulently portrayed Alvarion's likelihood of additional business from Telmex. Both complaints allege that the so-called "truth" was revealed on May 12, 2006. Both complaints allege violations of Sections 10b and 20(a) of the Securities Exchange Act of 1934. *Compare* Roberts Decl. ¶ 3, Exh. B, ¶ 9 *with id.* ¶ 4, Exh. C, ¶ 40, 44. The California actions have been assigned to U.S. District Court Judge Jeffrey S. White. *Id.* ¶¶ 3, 4.[3]

On February 6, 2007, the plaintiff in the first-filed *Meir* lawsuit issued a press release stating that class members "may move the Court not later than 60 days from the date of this Notice, to serve as lead plaintiff". Roberts Decl. ¶ 5, Exh. D; 15

---

[3] Alvarion anticipates that the two California actions will be consolidated at or around the time that Judge White appoints a lead plaintiff for the proposed class.

U.S.C. § 78u-4(a)(3)(i). Accordingly, lead plaintiff motions are due in the California action on April 9, 2007.[4]

### C.   Plaintiff's Complaint in this District

Nearly a month after the first California action was initiated, on February 13, 2007, Mr. Berger filed this securities class action complaint.[5]  Like the California plaintiffs, Mr. Berger names as defendants Alvarion, Mr. Slonimsky, Ms. Gruber, and Mr. Barel.  Like the California plaintiffs, Mr. Berger alleges that the defendants began to make false and misleading statements regarding Alvarion's business prospects on November 3, 2004.  Like the California plaintiffs, Mr. Berger alleges that the defendants fraudulently portrayed the company's likelihood of additional business from Telmex.  Like the California plaintiffs, Mr. Berger alleges that the so-called "truth" was revealed on May 12, 2006.  Like the California plaintiffs, Mr. Berger alleges violations of Sections 10b and 20(a) of the Securities Exchange Act of 1934. *Compare Berger* Compl. ¶ 5 *with* Roberts Decl. ¶ 3, Exh. B, ¶ 9 *and id*. ¶ 4, Exh. C ¶ 40, 44.

Without providing any details, Mr. Berger claims that venue is proper in the Southern District of New York because Alvarion's "stock is listed and traded on NASDAQ, which has its corporate headquarters located in this District" and because

---

[4] The Plaintiff in the *Hacker* litigation also issued a press release on February 6, 2007. Roberts Decl. ¶ 6, Exh. E. Mr. Hacker's press release, however, erroneously stated that lead plaintiff motions are due on April 6, 2007. Under the Reform Act, lead plaintiff motions are due within 60 days of the date of notice (*i.e.*, the press release). 15 U.S.C. § 78u-4(a)(3)(i). Sixty days after February 6, 2007 is April 7, 2007. As this date is a Saturday, lead plaintiff motions actually are not due until the following Monday, April 9, 2007. Fed. R. Civ. P.6(a).

[5] Mr. Berger's lawsuit was the third substantially identical securities class action lawsuit filed against Alvarion. The first two were the California actions described herein. The fourth action was filed on March 12, 2007, and, like this action was filed in the Southern District of New York. That action – *Braun v. Alvarion Ltd.*, 07 CV 2096 – is pending before this Court. Alvarion is also moving to have the later-filed *Braun* action transferred to the Northern District of California.

Alvarion allegedly "participated in numerous investor relations events and presentations located in this District." Compl. ¶ 6. Mr. Berger does not, of course, identify any of these "events" or allege facts reflecting that the "events" relate to this lawsuit in any way.

According to Mr. Berger's press release dated February 13, 2007, motions requesting court appointment as lead plaintiff are due on April 9, 2007. Roberts Decl. ¶ 2, Exh. A. Mr. Berger bases this date on the date of the press release issued *in the first-filed California action*, reflecting both that he was aware of the California action at the time he filed his own duplicative action and that he recognizes that his action is duplicative of the earlier-filed California action.

## ARGUMENT

**I.   THE COURT SHOULD TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER THE WELL ESTABLISHED "FIRST TO FILE" RULE**

It is a "well-settled principle in this Circuit that '[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second." *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (internal citations omitted)[6]; *see also Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (noting that judicial economy and efficiency favors one court trying both cases) (citing *Continental Grain Co. v. FBL-585*, 364 U.S. 19, 26 (1960)). The "first-filed rule 'embodies considerations of judicial administration and conservation of resources,' and generally applies where the two actions involve the same parties and

---

[6] In *First City*, the Second Circuit applied the "first to file" rule by affirming the Southern District of New York's decision to dismiss two cases because "*prior* to the filing of [plaintiff's] New York actions, defendants had filed *related actions* in the United States District Court for the Western District of Oklahoma." 878 F.2d at 76.

embrace the same issues." *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998) (internal citation omitted); *see also Barnet v. Elan*, 236 F.R.D. 158, 164 (S.D.N.Y. 2005) (securities class action; "[t]ransfer is particularly appropriate where, as in this case, two cases involving the same issues are simultaneously pending in different district courts.").

As demonstrated below, both this action and the two earlier-filed California actions pending before Judge White "involve the same parties and embrace the same issues." *GT Plus, Ltd.*, 41 F. Supp. 2d at 424 (internal citation omitted). Further, this is not a case in which the balance of convenience or special circumstances justify deviating from the well established "first to file" rule. Indeed, there are *no factors* that would support litigating this action in New York at the same time that identical, earlier-filed actions are being litigated in California.

### A. This Case Involves the Same Parties and Arises Out of the Same Set of Facts as the Earlier-Filed California Actions

Plaintiff cannot dispute that this case involves the same parties and embraces the same issues as the earlier-filed California action. This fact is illustrated by the following chart:

|  | **Earlier Filed California Actions** | **Mr. Berger's S.D.N.Y. Action** |
|---|---|---|
| **Plaintiffs** | Investors who purchased Alvarion stock between November 3, 2004 and May 12, 2006. *Meir* Compl. ¶ 1; *Hacker* Compl. ¶ 1. | **Same**. *See Berger* Compl. ¶ 1. |
| **Defendants** | Alvarion, Zvi Slonimsky, Dafna Gruber, and Meir Barel. *See Meir* Compl. ¶¶ 11-14; *Hacker* Compl. ¶¶ 9-12. | **Same**. *See Berger* Compl. ¶¶ 9-12. |
| **Class Period** | November 3, 2004 and May 12, 2006. *See Meir* Compl. ¶ 1; *Hacker* Compl. ¶ 1. | **Same**. *See Berger* Compl. ¶ 1. |

|  | **Earlier Filed California Actions** | **Mr. Berger's S.D.N.Y. Action** |
|---|---|---|
| **Claims** | Violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *Meir* Compl. ¶ 9; *Hacker* Compl. ¶¶ 40, 44. | **Same**. *See Berger* Compl. ¶ 5. |
| **Allegedly False and/or Misleading Statements** | Plaintiff alleges that defendants made false and misleading statements in press releases and conference calls regarding Alvarion's business prospects and relationships from November 3, 2004 until the truth was revealed on May 12, 2006. *Meir* Compl. ¶¶ 20-27, 32-46; *Hacker* Compl. ¶¶ 18-22. | **Same**. *See Berger* Compl. ¶¶ 18-24. |
| **Central Claim** | Plaintiff claims that defendants misrepresented Alvarion's relationship with Mexican telecommunications company Telmex, specifically by failing to disclose that (1) Telmex allegedly was not planning additional orders that would provide any substantial revenue for Alvarion during 2005, and (2) Alvarion could not sustain its growth rate without Telmex's substantial business. *Meir* Compl. ¶ 21, 25, 33, 37, 41; *Hacker* Compl. ¶ 22. | **Same**. *See Berger* Compl. ¶ 24. |

The foregoing illustrates that Mr. Berger's complaint is completely identical to the earlier-filed complaints pending against Alvarion in the Northern District of California. Even if it was not completely identical, however, it would still be subject to transfer to the Northern District of California, because the "first to file" rule does not require the later-filed case to be completely identical to the earlier-filed action. *See Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 167 (S.D.N.Y. 1992) ("The interests of justice require the cases to be related, not identical.") (employing the "first to file" rule to transfer the "second filed" case, then pending in the Southern District of New York, to the district where the initial litigation

was filed); *GT Plus, Ltd.*, 41 F. Supp. 2d at 424 ("The first filed rule can be triggered even when the competing claims do not present the exact same issue.").

### B.     The Two California Actions Were Filed Before This Action

There is no question that the two California actions were filed before the instant action. The first California action – *Meir v. Alvarion* – was filed on January 19, 2007, almost a month before Mr. Berger filed his duplicative complaint on March 12, 2007. *See* Roberts Decl. ¶ 3, Exh. B. The second California action – *Hacker v. Alvarion* – was filed on February 2, 2007, still nearly two weeks before Mr. Berger initiated this action. *See id.* ¶ 4, Exh. C.

### C.     Plaintiff Cannot Meet His Burden to Show That Equitable Considerations Strongly Favors The New York Forum Or That Special Circumstances Warrant Deviating From The "First To File" Rule

As Judge Daniels has explained, "the party asserting exceptions to the first-filed rule bears the burden to show that equitable considerations recommend the later action, and must overcome the 'strong presumption in favor of the forum of the first-filed suit.'" *GMT Corp. v. Quiksilver*, No. 02 Civ. 2229 (GBD), 2002 WL 1788016 at *3 (S.D.N.Y. Aug. 1, 2002) (quoting *GT Plus, Ltd.*, 41 F. Supp. 2d at 424) (employing the "first to file" rule to transfer the "second filed" case, then pending in the Southern District of New York, to the district where the initial litigation was filed). If the plaintiff cannot overcome this "strong presumption," his action should be transferred: "where the circumstances do not clearly call for departure from the first-filed rule, that rule should be applied without apology." *Berisford Capital Corp. v. Central States, Southeast & Southwest Areas Pension Fund*, 677 F. Supp. 220, 225 (S.D.N.Y. 1988) (employing the "first to file" rule to transfer the "second filed" case, then pending in the Southern District of New York, to the district where the initial litigation was filed).

### 1.   Equitable Considerations Do Not Strongly Favor the New York Forum

"'Balancing factors of convenience is essentially an equitable task,'" and the "[i]mportant considerations include the same ones that apply to a [§ 1404(a)] motion to transfer venue." *GT Plus, Ltd.*, 41 F. Supp. 2d at 424 (quoting *First City Nat'l Bank*, 878 F.2d at 80). Such factors include:  "(1) the convenience of witnesses;  (2) the location of relevant documents and the relative ease of access to sources of proof;  (3) the convenience of the parties;  (4) the locus of the operative facts;  (5) the availability of process to compel attendance of unwilling witness;  (6) the relative means of the parties;  (7) a forum's familiarity with the governing law;  (8) the weight accorded a plaintiff's choice of forum;  and (9) trial efficiency and the interests of justice based on the totality of the circumstances." *Id.* at 424-425.  However, "'since [the] court [is] apply[ing] these factors in reference to the first filed rule, and not merely a transfer, *there is a strong presumption in favor of the forum chosen by the original plaintiff*.'" *Id.* at 425 (quoting *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994)) (emphasis added) (employing the "first to file" rule to transfer the "second filed" case, then pending in the Southern District of New York, to the district where the initial litigation was filed).

None of these "equitable considerations recommend the later action" and certainly none are sufficient to "overcome the 'strong presumption in favor of the forum of the first-filed suit'" such that the case should remain in the New York.  *See GMT Corp. v. Quiksilver*, No. 02 Civ. 2229, 2002 WL 1788016 at *3 (S.D.N.Y. Aug. 1, 2002) (quoting *GT Plus, Ltd.*, 41 F. Supp. 2d at 424).  Alvarion does not maintain an office in New York and none of its employees, including the individual defendants, reside in or work in New York.  Daily Decl., ¶¶ 8, 10.  None of the defendants' potential witnesses or relevant documents is located within this district.  *Id.*  None of the allegedly false and misleading statements which form the basis of Plaintiff's

complaint were prepared in or disseminated from New York.  Compl. ¶¶ 18-24; Daily Decl., ¶ 9.  In contrast, Alvarion's Mountain View, California, office serves as the Company's principal sales and marketing office in North America and hosts an annual meeting of Alvarion's Board of Directors.  *Id.* ¶¶ 5, 11.  *See also Berisford*, 677 F. Supp. at 222 ("'an even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first-filed rule.'") (internal citation omitted).

Thus, it would appear that this District does not have any connection to this lawsuit.  Under similar circumstances, courts have consistently granted motions to transfer.  *See MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310 (SWK), 2002 WL 31729626, at *5 (S.D.N.Y. Dec. 5, 2002) (transferring securities case to California where operative facts had "little connection" to New York, finding that, in such circumstances, "plaintiff's choice of forum is not controlling"); *Seinfeld v. Bartz*, No. 00 Civ. 5195 (DC), 2001 WL 611295, at *4 (S.D.N.Y. June 5, 2001) ("plaintiff's forum selection is entitled to less deference where, as here, the forum has no substantive ties to the litigation") (citation omitted); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (upholding grant of motion to transfer in shareholders' derivative lawsuit, noting, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.").

Lacking any relevant connection to this District, Mr. Berger claims that venue is appropriate in New York because Alvarion's "stock is listed and traded on NASDAQ, which has its corporate headquarters located in this District."  Compl. ¶ 6.  It is well-established, however, that venue cannot be based on the location at which a corporation's stock trades.  *See Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*, 2006 WL 1524590 at *4 (S.D.N.Y. Jun. 5, 2006) ("Although Plaintiffs correctly point out that [Defendant's] stock is traded on the New York Stock Exchange ("NYSE"), which is located in the SDNY . . . these contacts don't do it.  If

they did, the SDNY would have even more business and every plaintiff that sued a NYSE firm could nestle in right here at 500 Pearl Street."); *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998) (fact that shares were bought and sold in New York "does not make it a forum which has a significant contact with the operative facts."); *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 WL 21087953, at *5 (S.D.N.Y. May 12, 2003) (finding venue improper, noting that "the trading of Stillwater's stock on the New York Stock Exchange do[es] not constitute [a] material connection" to New York, transferring case to Michigan, where financial statements were prepared and independent audits occurred); *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629 (MBM), 2000 WL 1716340, at *2 (S.D.N.Y. Nov. 16, 2000) (the purchase of shares in New York does not make the Southern District of New York a forum which has significant contact with the operative facts, transferring case to Oregon, where allegedly misleading press releases were prepared and issued).

### 2.     There Are No Special Circumstances that Would Support Deviating From the "First to File" Rule

In addition to the balance of convenience factors discussed above, courts will sometimes deviate from the "first to file" rule where there are "special circumstances," such as forum shopping, improperly anticipating the other side's lawsuit, or using settlement negotiations as a rouse to be the first-filed. *See GT Plus, Ltd.*, 41 F. Supp. 2d at 425. No such circumstances are present here.

In fact, if any party is guilty of forum shopping, it is the plaintiff. It was Mr. Berger who filed his complaint in New York only after two substantially similar complaints were previously filed in the Northern District of California. Mr. Berger obviously was aware of the earlier-filed California actions, because he based the sixty day notice period for lead plaintiff motions from the date of the California press releases. *See Barnet v. Elan*, 236 F.R.D. at 163 ("Indeed, the [District of

Massachusetts] case was the first-filed of these securities actions, and was therefore also the trigger for the [Reform Act's] various filing requirements.")

## II. CONSIDERATIONS OF JUDICIAL ECONOMY SUPPORT TRANSFERRING THIS CASE TO JUDGE WHITE OF THE NORTHERN DISTRICT OF CALIFORNIA

Transferring this case to Judge White of the Northern District of California will also promote the interests of justice, including judicial economy. As noted above, pursuant to the Reform Act, lead plaintiff motions are due in the California action on April 9, 2007. Thereafter, Judge White will be required by statute to appoint a lead plaintiff and lead plaintiff's counsel to represent the proposed class – the same proposed class alleged in this action. Presumably, if this action proceeds in this District, this Court would also appoint a lead plaintiff and lead counsel. It would make no sense, and would defeat the purpose of the Reform Act, for two identical actions to proceed with different lead plaintiffs and different lead counsel representing the same class for the same allegations. It would also lead to the possibility of inconsistent results. For this reason alone, the matter should be transferred to California. *See Barnet*, 236 F.R.D. at 164 (securities class action lawsuit; "Transfer is particularly appropriate where, as in this case, two cases involving the same issues are simultaneously pending in different district courts."); *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998) ("Trying all related actions in California is far more efficient than allowing separate actions to proceed in New York and California. Transfer will prevent duplicative litigation and avoid the risk of inconsistent results"); *Continental Grain Co. v. FBL-585*, 364 U.S. 19, 26, (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [Section] 1404(a) was designed to prevent.").

**CONCLUSION**

For all the foregoing reasons, this Court should grant Alvarion's motion to transfer and transfer this action, and any subsequently filed related actions, to the United States District Court for the Northern District of California.

Dated: April 4, 2007                     WILSON, SONSINI, GOODRICH AND ROSATI, PC

                                                                                           s/    Tonia Ouellette Klausner
                                                      Tonia Ouellette Klausner, Esq. (TOK-8279)
                                                      Wilson Sonsini Goodrich & Rosati, PC
                                                      1301 Avenue of the Americas
                                                      40th Floor
                                                      New York, New York 10019-6022
                                                      Tel:    212-999-5800
                                                      Fax:    212-999-5899

                                                      Nina F. Locker, Esq.
                                                      Rodney G. Strickland, Esq.
                                                      Ethan D. Roberts, Esq.
                                                      Merav Avital-Magen, Esq.
                                                      Wilson Sonsini Goodrich & Rosati, PC
                                                      650 Page Mill Road
                                                      Palo Alto, California 94304-1050
                                                      Tel: (650) 493-9300

                                                      *Attorneys for Defendant Alvarion, Ltd.*