UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PAUL BERGER, On Behalf of Himself and All Others Similarly Situated, | : | Civil Action No. 1:07-cv-01007-SHS |
| Plaintiff, | : | **ELECTRONICALLY FILED** |
| vs. | : | CLASS ACTION |
| ALVARION LTD., et al., | : | |
| Defendants. | : | |
| IRVING BRAUN, Individually and On Behalf of All Others Similarly Situated, | : | |
| Plaintiff, | : | Civil Action No. 1:07-cv-02096-UA |
| vs. | : | CLASS ACTION |
| ALVARION LTD., et al., | : | |
| Defendants. | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO
APPOINT THE BRAUN GROUP AS LEAD PLAINTIFF, TO APPROVE ITS SELECTION
OF LEAD COUNSEL AND TO CONSOLIDATE RELATED ACTIONS

## I.    INTRODUCTION

Irving Braun and Gary J. Fruchter (collectively, the "Braun Group"), in connection with its transactions in the publicly-traded securities of Alvarion, Ltd. ("Alvarion" or the "Company") between November 3, 2004 and May 12, 2006  (the "Class Period"), submit this memorandum of law in support of their motion pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for entry of an order: (1) appointing the Braun Group as lead plaintiff; (2) approving Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel; and (3) consolidating the above-captioned related actions.

The Braun Group is the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of its knowledge, it has the greatest financial interest of any moving class member or plaintiff who has brought suit or filed an application to serve as lead plaintiff in these related actions.[1]  In addition, the Braun Group satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of the putative class and because it will fairly and adequately represent the interests of the class.

The above-captioned related actions should be consolidated because they all allege similar legal issues based upon the same factual allegations.

## II.    FACTUAL BACKGROUND

Alvarion is headquartered in Tel Aviv, Israel, and engages in the design, development, manufacture and marketing of wireless products worldwide.  The complaints in these related actions

---

[1]      *See* Declaration of David A. Rosenfeld in Support of Motion to Appoint the Braun Group as Lead Plaintiff, to Approve Its Selection of Lead Counsel and to Consolidate Related Actions ("Rosenfeld Decl."), Exs. A-B.

charge Alvarion and certain of the Company's executive officers and directors with violations of federal securities laws. Among other things, the complaints contain allegations of defendants' material omissions and dissemination of materially false and misleading statements concerning Alvarion's business and prospects caused the Company's stock price to become artificially inflated, inflicting damages on investors.

Specifically, throughout 2004, Alvarion experienced unprecedented growth in revenues based primarily on the large contract orders of Alvarion's largest customer, Telmex. However, as 2004 progressed Telmex did not make subsequent contract orders with Alvarion in the same magnitude as before. By late 2004, Alvarion knew that revenues from existing Telmex orders were almost fully realized, and that the growth of revenue experienced in 2004 was unsustainable in the future.

Defendants – knowing that the lack of large orders from Telmex would inevitably slow Alvarion's revenue growth – issued materially false and misleading statements concealing the true state of Alvarion's business with Telmex and portraying Alvarion's outlook as robust, in order to artificially inflate the price of Alvarion stock long enough to allow insiders to dump their shares and profit handsomely. The complaints allege that defendants knew or recklessly disregarded but failed to disclose or misrepresented to investors that: (a) Telmex was not planning to make additional orders; (b) there was no basis to believe that Telmex would continue to provide substantial revenues in 2005; and (c) Alvarion could not sustain its growth rate without the substantial revenue contribution from Telmex purchases.

The complaints further allege that soon thereafter the truth concerning Alvarion's lack of orders from Telmex slowly emerged, as analysts began to question whether Telmex could continue to provide the same revenues as before, and as Alvarion began to post declining financial results.

However, as the true state of its financial condition leaked into the market, Alvarion continued to reassure investors and continued to issue false and misleading statements concerning Alvarion's financial situation and Telmex. Finally, on May 10, 2006, Alvarion filed a Form 20-F with the SEC which confirmed that the cause of Alvarion's declining growth rate was the lack of purchases from Telmex.

## III.     ARGUMENT

### A.     The Braun Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on February 6, 2007, on *PrimeZone Media Network* in connection with the filing of the first-filed action. *See* Rosenfeld Decl., Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §78u-4(a)(3)(A)-(B), expires April 9, 2007.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Braun Group has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

In addition, the Braun Group has selected and retained counsel experienced in the prosecution of securities class actions to represent it and the class.  *See* Rosenfeld Decl., Ex. D. Accordingly, the Braun Group satisfies the individual requirements of 15 U.S.C. §78u-4(a)(3)(B), and is entitled to have its application for appointment as lead plaintiff, and its selection of Lerach Coughlin as lead counsel approved by the Court. *See In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006) ("[Lerach Coughlin] is comprised of probably the ***most prominent*** securities class action attorneys in the country.") (emphasis added); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio. 2005) (finding that Lerach Coughlin "***will represent deftly the class's interests***") (emphasis added).

     **1.**     **The Braun Group Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, the Braun Group purchased 5,000 shares of Alvarion stock, and lost approximately $10,857 in connection therewith.  To the best of the Braun Group's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a

larger financial interest.  Therefore, the Braun Group satisfies the PSLRA's prerequisite of having

the largest financial interest and is presumptively the most adequate plaintiff to represent the class

pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 2.     The Braun Group Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest

financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure."  Of Rule 23(a)'s four prerequisites

to class certification, only two – typicality and adequacy – directly address the personal

characteristics of the class representative.  Consequently, in deciding motions for appointment of

lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a),

and defer examination of the remaining requirements until the lead plaintiff moves for class

certification.  *Weinberg*, 216 F.R.D. at 252.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of

those of the class.  Typicality exists where the plaintiff's claims arise from the same series of events

and are based on the same legal theories as the claims of all the class members.  *See Rossini v.*

*Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be

no factual differences between the class representatives and the class members because it is the

generalized nature of the claims asserted which determines whether the class representatives are

typical.  The requirement that the proposed class representatives' claims be typical of the claims of

the class does not mean, however, that the claims must be identical.  *See Weinberg*, 216 F.R.D.

at 252.

The Braun Group satisfies this requirement because, just like all other class members, it:

(1) purchased Alvarion securities during the Class Period; (2) purchased Alvarion securities in

reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Braun Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. *See id.*

Under Fed. R. Civ. P. 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: (1) class counsel is qualified, experienced and generally able to conduct the litigation; and (2) class members do not have interests that are antagonistic to one another.

Here, the Braun Group is adequate to represent the class because its interests are aligned with the interests of the class because both suffered from artificial inflation of the price of Alvarion securities and would benefit from the same relief. Furthermore, there is no evidence of antagonism between the Braun Group and the class. The Braun Group has also certified to its willingness to serve as a representative of the class. Rosenfeld Decl., Ex. A. In addition, as shown below, the Braun Group's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Braun Group satisfies the *prima facie* showing of the typicality and adequacy requirements of Fed. R. Civ. P. 23 for the purposes of this motion.

**B.    The Court Should Approve the Braun Group's Selection of Lerach Coughlin as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Because the Braun Group has selected and retained counsel experienced

in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

The Braun Group has selected the law firm of Lerach Coughlin to serve as lead counsel to the class. Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead counsel in landmark class actions, including *In re Enron Corp.*, *Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* Rosenfeld Decl., Ex. D.

The Braun Group and its selected counsel bring to this action a securities litigation team consisting of attorneys, investigators and forensic accountants who have repeatedly demonstrated their willingness to undertake the painstaking process of unraveling accounting irregularities and improper transactions, all of whom are able to devote substantial resources to the prosecution of this action. *See id.* Thus, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Lerach Coughlin as lead counsel.

## C.    The Court Should Consolidate Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [chapter] [is] filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). To date, the Braun Group is aware of two related actions in this District against defendants:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Berger v. Alvarion Ltd.* | 07-1007-SHS | February 13, 2007 |
| *Braun v. Alvarion Ltd.* | 07-2096-SHS | March 12, 2007 |

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. Consolidation is particularly appropriate in securities class action litigations such as this. *See id.* The actions relate to the same series of false and misleading statements and arise under the Exchange Act. Therefore, consolidation is appropriate. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

## IV.    CONCLUSION

For all the foregoing reasons, the Braun Group respectfully requests that the Court: (1) appoint the Braun Group as lead plaintiff; (2) approve its selection of Lerach Coughlin to serve as lead counsel; and (3) consolidate the related actions.

DATED: April 9, 2007                              Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA, JR. (MA-7240)


                                                  s/ DAVID A. ROSENFELD
                                                  DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

LAW OFFICES OF CURTIS V. TRINKO, LLP
CURTIS V. TRINKO (CT-1838)
16 West 46th Street, 7th Floor
New York, NY 10036
Telephone: 212/490-9550
212/986-0158(fax)

Additional Counsel for Plaintiffs

S:\CasesSD\Alvarion\BRF00040758_NY.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2007, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the

foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on April 9, 2007.

<u>s/ DAVID A. ROSENFELD</u>
DAVID A. ROSENFELD

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail: DRosenfeld@lerachlaw.com

# Mailing Information for a Case 1:07-cv-01007-SHS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Simon Abraham**
  jabraham@abrahamlaw.com

- **Tonia Maria Ouellette Klausner**
  tklausner@wsgr.com,pmasiello@wsgr.com

- **Lawrence Donald Levit**
  llevit@aftlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)