UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL BERGER, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>ALVARION LTD., et al.,<br><br>    Defendants. | Civil Action No.: 07 CV 1007 (SHS)<br><br>**ELECTRONICALLY FILED**<br><br><u>CLASS ACTION</u> |
| IRVING BRAUN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>ALVARION LTD., et al.,<br><br>    Defendants. | Civil Action No.: 07 CV 2096 (SHS)<br><br><u>CLASS ACTION</u> |

**ALVARION, LTD.'S OPPOSITION TO THE MOTION TO APPOINT THE BRAUN GROUP AS LEAD PLAINTIFF, TO APPROVE ITS SELECTION OF LEAD COUNSEL AND TO CONSOLIDATE RELATED ACTIONS**

Nina F. Locker, Esq.
Rodney G. Strickland, Esq.
Ethan D. Roberts, Esq.
Merav Avital-Magen, Esq.
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 493-9300

Tonia O. Klausner, Esq. (TOK-8279)
Wilson Sonsini Goodrich & Rosati, PC
1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022
Tel:   212-999-5800
Fax:  212-999-5899

*Attorneys for Defendant Alvarion, Ltd.*

I.  **INTRODUCTION**

Defendant Alvarion, Ltd. ("Alvarion") opposes the Motion to Appoint the Braun Group as Lead Plaintiff, To Approve Its Selection of Lead Counsel and to Consolidate Related Actions (the "Motion") on the grounds that this Court should not appoint a lead plaintiff in this matter. Instead, the above-captioned actions should be transferred to the Northern District of California for the reasons set forth in Alvarion's pending Motions to Transfer Venue to the Northern District of California ("Alvarion's Transfer Motions").[1] At a minimum, the Court should not rule on the Braun Group's motion until after it has adjudicated Alvarion's Transfer Motions.

II. **THE BRAUN GROUP'S MOTION SHOULD BE DENIED**

The following provides this Court with an overview of the recent developments in the California actions. In light of the facts set forth below, Alvarion requests this Court deny the Braun Group's motion so that the Hon. Jeffrey S. White of the Northern District of California can select the appropriate lead plaintiff.

1. Three plaintiff groups – *including the Braun Group* – filed motions to be appointed lead plaintiff in the earlier-filed California actions. In the California actions, motions requesting appointment as lead plaintiff were filed on April 9, 2007. Three groups of plaintiffs have applied to be appointed as lead plaintiff in California.[2]

---

[1] Alvarion's Transfer Motions were filed and served electronically on April 4, 2007. As they explain, the first securities class action lawsuit against Alvarion, *Meir v. Alvarion*, C 07 0374 (JSW), was filed in the Northern District of California on January 19, 2007. A second lawsuit was filed in the Northern District of California on February 2, 2007. The two above-captioned New York actions are substantially identical to the two earlier-filed California actions and, therefore, should be transferred to California. Alvarion's motion to transfer is Docket No. 4 in the *Berger* action (filed February 13, 2007) and Docket No. 5 in the *Braun* action (filed March 12, 2007). To date, neither Mr. Berger nor Mr. Braun has filed an opposition memorandum.

[2] *See* Declaration of Ethan D. Roberts in Support of Alvarion's Opposition to the Motion to Appoint the Braun Group as Lead Plaintiff, To Approve Its Selection of
(continued...)

The Braun Group is one of the three groups that filed a lead plaintiff motion in California. *See* Roberts Decl., Exh. C.[3] Remarkably, the Braun Group's motion to this Court fails to inform the Court that the same Braun Group filed a nearly identical motion in California requesting the California court to appoint it lead plaintiff for the same class.

    2. <u>The Braun Group does not have the largest alleged loss among the groups competing for selection as lead plaintiff; *it has the smallest*</u>. As the Braun Group concedes, the group with the largest alleged loss "is presumptively the most adequate plaintiff to represent the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)." Motion at 5. In both its New York and California motions, the Braun Group claims to have the largest alleged loss. *Id.* at 5; Roberts Decl., Exh. C at 5. In fact, however, of the three groups that have applied to be appointed as lead plaintiff in California, the Braun Group has the smallest alleged loss. Specifically, the Harel Group (represented by the law firm that filed the first-filed *Meir* action) alleges approximate losses of $784,117.23. Roberts Decl., Exh. A at 12 of 44. Rahul Saraf alleges approximate losses of $94,649.25. *Id.*, Exh. B at 7 of 28. The Braun Group, in contrast, alleges approximate losses of only $10,857. Motion at 4; *see also* Roberts Decl., Exh. C at 5.

    3. <u>Judge White will not rule on the lead plaintiff motions until this Court adjudicates Alvarion's pending transfer motions</u>. On April 13, 2007, Alvarion informed Judge White of the later-filed New York actions, and that it had filed motions to transfer those actions to his court. On April 10, 2007, Judge White vacated the hearing date on the lead plaintiff motions. *See* Roberts Decl., Exh. D. As Judge

---

(...continued from previous page)
Lead Counsel and to Consolidate Related Actions ("Roberts Decl."), Exhs. A, B, and C.

[3] While the Braun Group has filed motions in California and New York, plaintiff Paul Berger did not move to be appointed lead plaintiff in either venue.

2

White explained, "when there is more than one action on behalf of a class asserting substantially the same claim or claims, the Court may not adjudicate motions to be appointed lead counsel until after it renders a decision on a motion to consolidate." *Id.* at 2. Judge White found that he "cannot determine whether all the actions should be consolidated unless and until all actions are pending in the Northern District of California and have been related to this Court." *Id.* Thus, Judge White vacated "the hearing set for May 18, 2007 on the pending motions to be appointed lead plaintiff" and ordered that

> [w]ithin one week after rulings in both of the New York cases are issued on the pending motions to transfer, the parties are directed to advise this Court of the rulings. Thereafter, any party who seeks to have the cases in this district related and /or consolidated, shall file an administrative motion to relate the cases and a motion or stipulation to consolidate the cases. After the Court has determined whether the cases should be related and/or consolidated, the Court will reset a hearing on the pending motions to be appointed lead plaintiff.

*Id.* In light of this order, Alvarion respectfully requests that this Court adjudicate Alvarion's Transfer Motions before rendering a decision on the Braun Group's lead plaintiff motion.

    4. <u>The interests of judicial economy are best served by resolving the transfer issue prior to adjudicating the Braun Group's lead plaintiff motion</u>. As the Alvarion Transfer Motions explain, resources would be wasted, there is a possibility of inconsistent results, and the purpose of the Reform Act would be defeated if two identical actions were allowed to proceed with different lead plaintiffs and different lead counsel representing the same class for the same allegations. *See e.g*, Braun Docket No. 6 at 2-3, 12-13. These problems are avoided if the New York actions are transferred to California. For this reason, the Court should resolve the transfer motions before considering the Braun Group's lead plaintiff motion. If the transfer motions are granted, then the Motion can be denied as moot. Per Judge White's order referenced above, however, the Braun Group would still have the opportunity to

3

convince Judge White that it is the most appropriate lead plaintiff despite having the smallest alleged loss among the competing lead plaintiff groups.

## II. CONCLUSION

For the reasons set forth above, Alvarion respectfully requests that this Court deny the Braun Group's Motion or, alternatively, not rule on the lead plaintiff motion until after it has adjudicated the pending Alvarion Transfer Motions.

Dated: April 23, 2007        WILSON, SONSINI, GOODRICH AND ROSATI

                                            s/   Tonia Ouellette Klausner
Tonia Ouellette Klausner, Esq. (TOK-8279)
Wilson Sonsini Goodrich & Rosati, PC
1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022
Tel:    212-999-5800
Fax:   212-999-5899

Nina F. Locker, Esq.
Rodney G. Strickland, Esq.
Ethan D. Roberts, Esq.
Merav Avital-Magen, Esq.
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 493-9300

*Attorneys for Defendant Alvarion, Ltd.*