# Exhibit C

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMNON MEIR, On Behalf of Himself ad All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ALVARION LTD., et al.,<br><br>    Defendants. | No. C-07-0374-JSW<br><br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION TO APPOINT THE BRAUN GROUP AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF |

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on May 18, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Jeffrey S. White, Irving Braun and Gary J. Fruchter (collectively, the "Braun Group") will move this Court pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for appointment as lead plaintiff in this action and for approval of their selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel.

This motion is made on the grounds that the Braun Group is the most adequate lead plaintiff for those who purchased Alvarion Ltd. ("Alvarion" or the "Company") securities, having suffered approximate losses of $10,857 from the purchase of such securities between November 3, 2004 and May 12, 2006 (the "Class Period"). In addition, the Braun Group meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of class members' claims, and it will fairly and adequately represent the class. Finally, the Braun Group has selected and retained Lerach Coughlin as lead counsel, a law firm with substantial experience in prosecuting securities fraud class actions.

This motion is based on this notice of motion, the supporting memorandum of law, the Declaration of Tricia L. McCormick in Support of Motion to Appoint the Braun Group as Lead Plaintiff and to Approve Lead Plaintiff's Selection of Lead Counsel ("McCormick Decl."), other files and records in each of these actions and such other written or oral argument as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF ISSUES

Whether the Braun Group should be appointed as lead plaintiff pursuant to §21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), and whether its selection of lead counsel should be approved.

### II.   INTRODUCTION

The Braun Group purchased Alvarion securities during the Class Period and has submitted the sworn certification required by §21D(a)(2)(A)(i)-(vi) of the Exchange Act. *See* McCormick

1  Decl., Ex. A. As a result of defendants' violations of law, the Braun Group suffered approximately
2  $10,857 in losses in connection with his purchases of Alvarion securities. *See* McCormick Decl.,
3  Exs. A & B.
4        This matter is a class action that alleges violations of the federal securities laws. The
5  Exchange Act establishes a three-step procedure for the selection of lead plaintiff to oversee class
6  actions brought under the federal securities laws. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir.
7  2002). First, §21D(a)(3)(A)(i) of the Exchange Act provides that within 20 days after the date on
8  which a securities fraud class action is filed, the initial plaintiff shall publish a notice advising
9  potential plaintiff class members of the pendency of the action, the claims alleged, the purported
10 class period and that any member of the class may file a motion with the court to serve as lead
11 plaintiff no later than 60 days from the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i). *See*
12 *Cavanaugh*, 306 F.3d at 729-30. Notice in this action was timely published on February 6, 2007.
13 *See* McCormick Decl., Ex. C.
14       Second, §21D(a)(3)(B)(i) of the Exchange Act directs this Court to consider any motions
15 brought by class members seeking to be appointed as lead plaintiff as soon as practicable after the
16 Court decides any pending motion to consolidate, but no later than 90 days after publication of the
17 notice. 15 U.S.C. §78u-4(a)(3)(B)(i). Under this provision of the Exchange Act, the court "shall"
18 appoint the "most adequate plaintiff" to serve as lead plaintiff. The Exchange Act provides that the
19 court shall presume that the most adequate plaintiff is the person, or group of persons, that: (1) has
20 either filed a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest
21 financial interest in the relief sought"; and (3) satisfies the typicality and adequacy requirements of
22 Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see Cavanaugh*, 306 F.3d at 729-31.
23       Finally, as a third step, after the presumptive lead plaintiff has been identified, other class
24 members have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule
25 23's typicality and adequacy requirements." *Id.* at 730.
26       The Braun Group meets the requirements of the Exchange Act for appointment as lead
27 plaintiff of those who purchased Alvarion securities during the Class Period. The Braun Group
28 suffered approximate losses of $10,857 from the purchase of Alvarion securities during the Class

Period. *See* McCormick Decl., Exs. A & B. The Braun Group believes it has the largest financial interest in the relief sought by the class. *See Cavanaugh*, 306 F.3d at 729-30, 732-33. Additionally, the Braun Group satisfies the requirements of Rule 23 and as such should be appointed as lead plaintiff. The Braun Group also seeks Court approval of its selection of Lerach Coughlin as lead counsel as provided by statute.

### III. PROCEDURAL BACKGROUND

The Exchange Act requires the publication of a notice advising class members of their right to move to be appointed lead plaintiff within 60 days of publication. On February 6, 2007, pursuant to §21D(a)(3)(A)(i) of the Exchange Act, a notice of pendency of the action was published on *PrimeZone Media Network* setting forth the requisite notice required by the Exchange Act. *See* McCormick Decl., Ex. C. The notice advised class members of the existence of the lawsuit and described the claims asserted therein. The Braun Group's motion is timely filed within 60 days from the publication of that notice.

### IV. STATEMENT OF FACTS

Alvarion is headquartered in Tel Aviv, Israel, and engages in the design, development, manufacture and marketing of wireless products worldwide. The complaints in these related actions charge Alvarion and certain of the Company's executive officers and directors with violations of federal securities laws. Among other things, the complaints contain allegations of defendants' material omissions and dissemination of materially false and misleading statements concerning Alvarion's business and prospects caused the Company's stock price to become artificially inflated, inflicting damages on investors.

Specifically, throughout 2004, Alvarion experienced unprecedented growth in revenues based primarily on the large contract orders of Alvarion's largest customer, Telmex. However, as 2004 progressed Telmex did not make subsequent contract orders with Alvarion in the same magnitude as before. By late 2004, Alvarion knew that revenues from existing Telmex orders were almost fully realized, and that the growth of revenue experienced in 2004 was unsustainable in the future.

Defendants – knowing that the lack of large orders from Telmex would inevitably slow Alvarion's revenue growth – issued materially false and misleading statements concealing the true state of Alvarion's business with Telmex and portraying Alvarion's outlook as robust, in order to artificially inflate the price of Alvarion stock long enough to allow insiders to dump their shares and profit handsomely. The complaints allege that defendants knew or recklessly disregarded but failed to disclose or misrepresented to investors that: (a) Telmex was not planning to make additional orders; (b) there was no basis to believe that Telmex would continue to provide substantial revenues in 2005; and (c) Alvarion could not sustain its growth rate without the substantial revenue contribution from Telmex purchases.

The complaints further allege that soon thereafter the truth concerning Alvarion's lack of orders from Telmex slowly emerged, as analysts began to question whether Telmex could continue to provide the same revenues as before, and as Alvarion began to post declining financial results. However, as the true state of its financial condition leaked into the market, Alvarion continued to reassure investors and continued to issue false and misleading statements concerning Alvarion's financial situation and Telmex. Finally, on May 10, 2006, Alvarion filed a Form 20-F with the SEC which confirmed that the cause of Alvarion's declining growth rate was the lack of purchases from Telmex.

## V. ARGUMENT

### A. The Braun Group's Motion Is Timely

The Exchange Act establishes a three-step procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws. *See Cavanaugh*, 306 F.3d at 729-30. The Exchange Act first requires the publication of a notice advising class members of their right to move within 60 days of publication to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). On February 6, 2007, a notice of pendency of the action was published on *PrimeZone Media Network*, setting forth the requisite notice required by the Exchange Act. *See* McCormick Decl., Ex. C. Class members who filed a complaint or moved pursuant to §21D(a)(3)(B) of the Exchange Act are eligible to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(i). The Braun Group's motion is timely filed within 60 days from the publication of that notice.

### B. The Braun Group Should Be Appointed Lead Plaintiff

#### 1. The Braun Group Believes It Has the Largest Financial Stake in the Relief Sought by the Class

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that this Court

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. §78u-4(a)(3)(B)(i).

The statute also requires this Court to adopt a rebuttable presumption that the "most adequate plaintiff" in any private action arising under this title is the "person or group of persons" that "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

During the Class Period, the Braun Group purchased 5,000 shares of Alvarion securities for a total cost of $48,290, and suffered approximate losses of $10,857. *See* McCormick Decl., Exs. A & B. The Braun Group believes this represents the largest financial interest in the outcome of this litigation and, therefore, it is presumptively entitled to appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

#### 2. The Braun Group Meets the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides that, at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires generally that the claims be typical of the claims of the class and that the representative fairly and adequately protect the interests of the class. As detailed below, the Braun Group satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed lead plaintiff.

The typicality requirement of Rule 23(a)(3) is satisfied when: (1) the named plaintiffs have suffered the same injuries as the absent class members; (2) the named plaintiffs have suffered the same injuries as a result of the same course of conduct by defendants; and (3) the named plaintiffs' claims are based on the same legal issues. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 649 (C.D. Cal. 1996); *In re Cirrus Logic Sec.*,

155 F.R.D. 654, 657 (N.D. Cal. 1994). The questions of law and fact that are common to the members of the class and that also predominate over questions that may affect individual class members include the following:

- Whether the federal securities laws were violated by defendants' acts as alleged herein;
- Whether defendants issued false and misleading statements during the Class Period;
- Whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;
- Whether the market price of Alvarion stock was artificially inflated during the Class Period because of the defendants' conduct; and
- Whether the members of the class have sustained damages and, if so, what is the proper measure of damages.

As a result, there is a well-defined community of interest in the questions of law and fact involved in this case, and the claims asserted by the Braun Group are typical of the claims of the members of the proposed class. The Braun Group and members of the class allege that defendants violated the federal securities laws by publicly disseminating materially false and misleading statements about the business and finances of Alvarion throughout the Class Period. The Braun Group, as did all of the members of the proposed class, acquired Alvarion securities at prices artificially inflated by defendants' fraudulent misrepresentations and omissions and was damaged thereby. Because the claims asserted by the Braun Group are based on the same legal theories and arise "from the same event or course of conduct giving rise to the claims of other class members," typicality is satisfied. *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988); *accord Blackie v. Barrack*, 524 F.2d 891, 902-03 n.19 (9th Cir. 1975).

The Braun Group's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between the Braun Group's interests and the interests of the proposed class members. The Braun Group has amply demonstrated its adequacy as lead plaintiff by signing sworn certifications affirming its willingness to serve as, and assume the responsibilities of, lead plaintiff. *See* McCormick Decl., Ex. A. In addition, the Braun Group has selected the law firm of Lerach Coughlin, a firm highly experienced in prosecuting securities class actions, to represent it

and the class. *See* McCormick Decl., Ex. D. Therefore, the Braun Group satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. The Court Should Approve the Braun Group's Choice of Lerach Coughlin as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v); *see Cavanaugh*, 306 F.3d at 734-35. This Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, the Braun Group has selected Lerach Coughlin as lead counsel to represent the class.

Lerach Coughlin is a 160-lawyer firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and in *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Indeed, in approving the lead plaintiff's choice of Lerach Coughlin's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood "out in the breadth and depth of its research and insight." *Id.* at 458. Lerach Coughlin's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

## VI. CONCLUSION

For the foregoing reasons, the Braun Group respectfully requests that this Court appoint it as lead plaintiff pursuant to §21D(a)(3)(B) of the Exchange Act, and approve its selection of Lerach Coughlin as lead counsel.

DATED: April 9, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK


              s/ TRICIA L. McCORMICK
                TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

LAW OFFICES OF CURTIS V. TRINKO, LLP
CURTIS V. TRINKO (CT-1838)
16 West 46th Street, 7th Floor
New York, NY 10036
Telephone: 212/490-9550
212/986-0158(fax)

Additional Counsel for Plaintiffs

S:\CasesSD\Alvarion\BRF00040763_CA.doc

CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.lerachlaw.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 9, 2007.

s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: TMcCormick@lerachlaw.com